

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SECOND SUPERSEDING INDICTMENT FOR VIOLATIONS
OF THE FEDERAL GUN CONTROL ACT,
THE FEDERAL CONTROLLED SUBSTANCES ACT, AND MURDER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 12-309 |
| v. | * | SECTION: "B" |
| CHARLES JOHNSON | * | VIOLATIONS: 21 U.S.C. § 846 |
| aka "Chuck" | | 21 U.S.C. § 841(a)(1) |
| aka "Leon" | * | 18 U.S.C. § 924(o) |
| ROBERT JOHNSON | | 18 U.S.C. § 924(j) |
| aka "Skinny" | * | 18 U.S.C. § 2 |
| THOMAS HENDERSON | | 18 U.S.C. § 924(c)(1)(A) |
| aka "T" | * | 18 U.S.C. § 922(g)(1) |
| LAVELL STOVALL | | |
| aka "Vell" | * | |
| aka "Lido" | | |
| WILLIAM HENDERSON | * | |
| aka "Will" | | |
| ERSKINE WATERS | * | |
| AVIAN BRULE | | |
| aka "Ave" | * | |
| * * * | | |

The Grand Jury charges that:

## COUNT 1
(Conspiracy to Distribute Controlled Substances)

Beginning on a date unknown, but sometime prior to June 1, 2008, and continuing to on or about the date of this Second Superseding Indictment, in the Eastern District of Louisiana and

elsewhere, the defendants, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," **ROBERT JOHNSON**, aka "Skinny," **THOMAS HENDERSON**, aka "T," **LAVELL STOVALL**, aka "Vell," aka "Lido," **WILLIAM HENDERSON**, aka "Will," **ERSKINE WATERS**, and **AVIAN BRULE**, aka "Ave," did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I drug controlled substance, and twenty-eight grams or more of cocaine base ("crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B); all in violation of Title 21, United States Code, Section 846.

## COUNT 2
(Conspiracy to Possess Firearms)

Beginning on a date unknown, but prior to June 1, 2008, and continuing to on or about the date of this Second Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," **ROBERT JOHNSON**, aka "Skinny," **THOMAS HENDERSON**, aka "T," **LAVELL STOVALL**, aka "Vell," aka "Lido," **WILLIAM HENDERSON**, aka "Will," **ERSKINE WATERS**, and **AVIAN BRULE**, aka "Ave," did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to possess firearms in furtherance of drug trafficking crimes as alleged in this Second Superseding Indictment; all in violation of Title 18, United States Code, Section 924(o).

## COUNT 3
(Causing Death Through the Use of a Firearm)

On or about June 14, 2010, in the Eastern District of Louisiana, the defendants, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," and others known to the Grand Jury, did knowingly use and carry firearms, during and in relation to the commission of a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), as set forth in Count 1 of this Second Superseding Indictment which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Eula Mae Ivey, by shooting her with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 4
(Possession with the Intent to Distribute a Controlled Substance)

On or about April 19, 2011, in the Eastern District of Louisiana, the defendant, **THOMAS HENDERSON**, aka "T," did knowingly and intentionally possess with the intent to distribute twenty-eight grams or more of cocaine base ("crack"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 5
(Distribution of a Controlled Substance)

On or about October 20, 2011, in the Eastern District of Louisiana, the defendant, **LAVELL STOVALL**, aka "Vell," aka "Lido," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 6
(Possession with Intent to Distribute a Controlled Substance)

On or about January 24, 2012, in the Eastern District of Louisiana, the defendant, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," did knowingly and intentionally possess with the intent to distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 7
(Possession of a firearm in furtherance of a drug crime)

On or about January 24, 2012, in the Eastern District of Louisiana, the defendant, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," did knowingly possess a firearm, to wit: a Glock 9mm semi-automatic handgun, serial number PSU628, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with intent to distribute heroin and cocaine base as charged in Count 1 of this Second Superseding Indictment and the possession with the intent to distribute heroin as charged in Count 6 of this Second Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 8
(Felon in Possession of a Firearm)

On or about January 24, 2012, in the Eastern District of Louisiana, the defendant, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: a conviction on March 12, 2008, in Evangeline Parish, State of Louisiana, under case number 74-129"F," for Simple Robbery, in violation of LA. R.S. 14:65, did knowingly possess in and affecting interstate commerce a firearm, to wit: a Glock 9mm semi-automatic handgun, serial number PSU628, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 9
(Possession with Intent to Distribute a Controlled Substance)

On or about April 17, 2012, in the Eastern District of Louisiana, the defendant, **ERSKINE WATERS**, did knowingly and intentionally possess with the intent to distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 10
(Distribution of a Controlled Substance)

On or about May 24, 2012, in the Eastern District of Louisiana, the defendant, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 11
(Possession with Intent to Distribute a Controlled Substance)

On or about July 31, 2012, in the Eastern District of Louisiana, the defendant, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," did knowingly and intentionally possess

5

with the intent to distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 12
(Distribution of a Controlled Substance)

On or about November 5, 2012, in the Eastern District of Louisiana, the defendants, **WILLIAM HENDERSON**, aka "Will," and **AVIAN BRULE**, aka "Ave", did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 13
(Distribution of a Controlled Substance)

On or about January 17, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 14
(Distribution of a Controlled Substance)

On or about January 18, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 15
(Distribution of a Controlled Substance)

On or about January 21, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 16
(Distribution of a Controlled Substance)

On or about January 23, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 17
(Distribution of a Controlled Substance)

On or about March 21, 2013, in the Eastern District of Louisiana, the defendant, **THOMAS HENDERSON**, aka "T," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 18
(Distribution of a Controlled Substance)

On or about March 22, 2013, in the Eastern District of Louisiana, the defendant, **THOMAS HENDERSON**, aka "T," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 19
(Distribution of a Controlled Substance)

On or about March 27, 2013, in the Eastern District of Louisiana, the defendant, **THOMAS HENDERSON**, aka "T," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 20
(Possession with Intent to Distribute a Controlled Substance)

On or about April 3, 2013, in the Eastern District of Louisiana, the defendant, **THOMAS HENDERSON**, aka "T," did knowingly and intentionally possess with the intent to distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 21
(Distribution of a Controlled Substance)

On or about April 12, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 22
(Distribution of a Controlled Substance)

On or about April 12, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 23
(Distribution of a Controlled Substance)

On or about April 12, 2013, in the Eastern District of Louisiana, the defendant, **WILLIAM HENDERSON**, aka "Will," did knowingly and intentionally distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 24
(Possession with Intent to Distribute a Controlled Substance)

On or about April 25, 2013, in the Eastern District of Louisiana, the defendants, **WILLIAM HENDERSON**, aka "Will," and **AVIAN BRULE**, aka "Ave," did knowingly and intentionally possess with the intent to distribute a quantity of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 25
(Possession of a firearm in furtherance of a drug crime)

On or about April 25, 2013, in the Eastern District of Louisiana, the defendants, **WILLIAM HENDERSON**, aka "Will," and **AVIAN BRULE**, aka "Ave," did knowingly possess a firearm, to wit: a Hi-point .45cal semi-automatic handgun, serial number 434381, in furtherance of drug trafficking crimes for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with intent to distribute heroin and cocaine base as charged in Count 1 of this Second Superseding Indictment and the possession with the intent to distribute heroin as charged in Count 24 of this Second Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## **NOTICE OF SPECIAL FINDINGS**

1. The Grand Jury incorporates by reference and realleges the allegations contained in Count 3 and makes the following special findings:

2. As to Count 3, defendants **CHARLES JOHNSON**, aka "Chuck," aka "Leon,"

    a. was 18 years or older at the time of the offense;

    b. intentionally killed Eula Mae Ivey (18 U.S.C. § 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the death of Eula Mae Ivey (18 U.S.C. § 3591(a)(2)(B));

    d. intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Eula May Ivey would die as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

    e. intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and Eula May Ivey died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

## NOTICE OF DRUG FORFEITURE

1.      The allegations of Counts 1, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 of this Second Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 25, United States Code, Section 853.

2.      As a result of the offenses alleged in Counts 1, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 the defendants, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," **ROBERT JOHNSON**, aka "Skinny," **THOMAS HENDERSON**, aka "T," **LAVELL STOVALL**, aka "Vell," aka "Lido," **WILLIAM HENDERSON**, aka "Will," **ERSKINE WATERS**, and **AVIAN BRULE**, aka "Ave," shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in 1, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 of this Second Superseding Indictment.

3.      If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## **NOTICE OF GUN FORFEITURE**

1. The allegations of Counts 2, 3, 7, 8, and 25 of this Second Superseding Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts 2, 3, 7, 8, and 25, the defendants, **CHARLES JOHNSON**, aka "Chuck," aka "Leon," **ROBERT JOHNSON**, aka "Skinny," **THOMAS HENDERSON**, aka "T," **LAVELL STOVALL**, aka "Vell," aka "Lido," **WILLIAM HENDERSON**, aka "Will," **ERSKINE WATERS**, and **AVIAN BRULE**, aka "Ave," shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 924(c)(1)(A).

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(d)(1).

A TRUE BILL:

FOREPERSON

KENNETH ALLEN POLITE, JR.
United States Attorney

FRED P. HARPER, JR.
First Assistant United States Attorney
LA Bar Roll No. 6568

DUANE A. EVANS
Chief, Criminal Division
LA Bar Roll No. 24086

MAURICE E. LANDRIEU, JR
Assistant United States Attorney
Deputy Chief, Criminal Division
LA Bar Roll No. 22104

New Orleans, Louisiana
October 4, 2013

14

FORM OBD-34

No. 12-309 "B"

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

Criminal Division

## THE UNITED STATES OF AMERICA

vs.

CHARLES JOHNSON
ROBERT JOHNSON
THOMAS HENDERSON
LAVELL STOVALL
WILLIAM HENDERSON
ERSKINE WATERS
AVIAN BRULE

## SECOND SUPERSEDING INDICTMENT

FOR VIOLATIONS OF THE FEDERAL CONTROLLED SUBSTANCES ACT AND FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES ACT, AND MURDER

VIOLATIONS:
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(o)
18 U.S.C. § 924(j)
18 U.S.C. § 2
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 922(g)(1)

A true bill:

_____
Foreperson

Filed in open court this _____ day of October, 2013.

_____
Clerk

Bail, $ _____

_____
MAURICE E. LANDRIEU, JR.
Assistant United States Attorney